IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| LAWRENCE S. YOSHIDA, | ) | CIVIL CASE NO. CV0012-10 |
| Plaintiff,) | | |
| vs. | ) | **FINDINGS OF FACT AND** |
| | ) | **CONCLUSIONS OF LAW** |
| GUAM TRANSPORTION & WAREHOUSE, | ) | |
| INC. | ) | |
| Defendants.) | | |
| _____ | ) | |

This matter came on for bench trial on February 3, 2012, before the HONORABLE JUDGE ELIZABETH BARRETT-ANDERSON. Plaintiff Lawrence S. Yoshida (hereinafter "Yoshida") was present and was represented by Attorney Thomas M. Tarpley. Defendant Guam Transportation & Warehouse (hereinafter referred to as the "Company") was present through its President, Mr. Barry Honda (hereinafter "Honda") and represented by Attorney Jacqueline Taitano Terelaje. After consideration of all the evidence, the Court issues the following Findings of Fact and Conclusions of Law. To the extent that Findings of Fact, as stated, may be considered Conclusions of Law, they shall be deemed Conclusions of Law. Similarly, to the extent that matters expressed as Conclusions of Law may be considered Findings of Fact, they shall also be deemed Findings of Fact.

## BACKGROUND

The Amended Complaint for Monies Owed ("Complaint") was filed on January 15, 2010 and has two (2) claims for relief. Yoshida claims a total amount due of Seventy-Nine Thousand Forty-Seven Dollars and Sixty-Seven Cents ($79,047.67) for two (2) alleged loans made to the Company: 1) a loan of Twenty-Five Thousand Dollars ($25,000.00) made in two (2) separate installments each in 1996 and 1999 (hereinafter the "the 1996-1999 Deposits"), and 2) a loan of Forty-Five Thousand Dollars ($45,000.00) made in two separate installments in 2006 (hereinafter "the 2006 Loan"). *Compl. For Monies Owed*, ¶¶ 4, 8 (Jan. 15, 2010)[1], *Pl. Exs.*

---

[1] Hereinafter cited to as Compl.

*6, 7, 9, 10.* Further, Yoshida seeks pre-judgment interest on both loans[2] at six percent (6%). *Compl.* at ¶ 7. Defendant twice asked for leave of Court to file an amended answer and counterclaim. The Court granted the first request on September 28, 2011. Defendant then submitted a notice that it would not seek leave as previously represented. Notice (Sep. 29, 2010). The Court denied the second request for leave of Court on January 18, 2012.

## FINDINGS OF FACT

1.      Honda first sued Yoshida in a separate law suit, CV1895-09, for breach of contract on an obligation between the parties for purchase of shares in the Company. CV1895-09 is not assigned to this Court.

2.      Yoshida worked for the Company from April 7, 1995 through December 31, 2000 as the Assistant Manager. He also served in the capacity of Vice-President beginning on September 7, 1998. Yoshida was also a shareholder in the Company.

3.      Yoshida was a salaried employee, and as part of his company benefits the Company paid his home mortgage and living expenses over the years. There was no express agreement between the parties that the Company would pay any other of Yoshida's debts, except as related to the 2006 Loan, described below.

4.      Honda is a shareholder and Chief Executive Officer of the Company.

5.      Yoshida and Honda were good friends throughout Yoshida's employment.

6.      Yoshida testified that both of the alleged loans were all based on oral agreements.

7.      Honda denies the existence of any contract on the 1996-1999 Deposits.

8.      Honda testified that he asked Yoshida to loan the Company Forty-Five Thousand Dollars ($45,000.00) in 2006. Honda admits there is a balance due on the 2006 Loan, but disagrees on the amount. Honda further denies there was any agreement between the parties to pay interest on the 2006 loan.

---

[2] The Second Claim for Relief fails to mention interest. However, the second prayer for relief seeks interest for the 2006 Loan.

9. The parties orally agreed that the Company would make payments on Yoshida's Bank of Hawaii line of credit to repay the 2006 Loan. Honda testified, and this Court finds, that the payments on Yoshida's Bank of Hawaii line of credit throughout the years were part of Yoshida's employee compensation plan. However, because the line of credit was the source of funding for the 2006 Loan, the Court will credit the Company these repayments against the 2006 Loan.

10. Twenty-Two Thousand Seven Hundred Eighty-One Dollars and Forty-Four Cents ($22,781.44) has been repaid on the 2006 Loan through direct payments to Yoshida's line of credit with the Bank of Hawaii. *Pl. Ex. 2 and Def. Tr. Ex. C.*

11. The Company also made payments on a line of credit in Yoshida's name at First Hawaiian Bank in the total sum of Twenty-One Thousand One Hundred Twenty-Eight Dollars and Thirty-One Cents ($21,128.31) on July 31, 2008. *Def. Tr. Ex. G.* There was insufficient testimony for the Court to determine what loan this payment should be credited to.

12. On June 23, 2000, the Company paid to Yoshida the sum of Forty Thousand Dollars ($40,000.00). *Def. Tr. Ex. E.* The check was signed by Honda. On June 28, 2000, the Company paid to Yoshida the sum of Sixty-Six Thousand Dollars ($66,000.00). *Def. Tr. Ex. F.* The check was signed by Honda.

13. Both above mentioned checks were cashed by Yoshida, then reissued in Twenty Thousand Dollars ($20,000.00) cashier checks in the name of Yoshida (hereinafter "Cashier Checks"). The Cashier Checks were deposited into the Company's account within a few days after issuance. There is a Twenty-Six Thousand Dollars ($26,000.00) cashier check made payable to the Company's legal firm, that was not deposited into the Company's account after issuance.

14. Yoshida testified that all of the cashier check transactions were to either to pay FICA or otherwise to avoid lien creditors and instructed by Honda to be made. Honda did not recall such instructions. The Court finds that this is evidence of the fluidity of money transactions between friends and the lack of mutual understanding in agreements relating to money.

15. The Court finds that after crediting the Company for the Bank of Hawaii repayments in ¶9 and ¶10 above, the principal amount unpaid on the 2006 Loan is Twenty-Two Thousand Two Hundred Eighteen Dollars and Fifty-Six Cents ($22,218.56).

16. The Court finds that there was no express or implied agreement between the parties regarding interest.

17. The Company's primary defense to both claims in the Complaint is unclean hands of Yoshida. *Aws. To Am. Compl. For Monies Owed*, Aff. Def. at ¶ 3 (Feb. 9, 2010).

## CONCLUSIONS OF LAW

1. **Doctrine of Unclean Hand As It Relates to Both Alleged Loans**.

"The doctrine of unclean hands is an affirmative defense invoked by defendants to prevent a plaintiff from obtaining relief." *Guam Top Builders v. Tanota Partners*, 2011 Guam 30 ¶ 26. The Court finds that none of the evidence presented relating to the doctrine of unclean hands was persuasive. Hence, the Court rejects the Company's defense of the doctrine of unclean in this case. The parties were business partners for fifteen (15) years, and shared a very close working business relationship and trust. Honda did not prove that Yoshida embezzled, violated fundamental conscience, good faith, or other equitable principles of his prior employment. *Id*. The Court finds that Honda's testimony relating to Yoshida's actions or practices in support of the doctrine of unclean hands are motivated by the dispute being litigated in CV1895-09. Application of the doctrine in light of the claims of both parties in each of their separate suits would be a misapplication of the doctrine, and a misapplication of fundamental principles of equitable remedies.

2. 1996-1999 Deposits.

There was no written agreement evidencing a loan between Yoshida and the Company on the 1996-1999 Deposits. The Court finds these sums are not recoverable. An oral contract supported only by the plain belief by one party that a contract exists is simply proof of the non-existence of a contract. *Quijano v. Atkins Kroll*, 2008 Guam 14 ¶ 10. Further, based on the testimony of the parties, the Court declines to find an implied contract in this situation. 18 GCA

§ 86103. An implied contract requires an offer and acceptance of mutually agreed upon terms. Additionally, since the testimony establishes that the repayments of the 1996-1999 Deposits were not to be completed within one (1) year, the agreement was required to be in writing in order to be enforceable. 18 GCA §§ 86104, 86106(1).

3.      2006 Loan.

There was an understanding between the parties regarding certain payments made by the Company to Yoshida's line of credit; but the conflicting testimony establishes that there was not a mutual understanding regarding the repayment schedule or general terms of the 2006 Loan. *Cf.* 20 GCA § 3230. Similar to the 1996-1999 Deposits, this Court declines to find an implied contract because of the lack of mutual understanding between the parties. In addition, like the 1996-1999 Deposits the oral agreement regarding the 2006 loan is also unenforceable because the testimony establishes that the Company agreed to pay back Yoshida by paying Yoshida's line of credit with the Bank of Hawaii over an undefined duration. In order to be enforceable, this oral agreement is required to be in writing pursuant to 18 GCA § 86106(1) & (2).

4.      Interest On The Alleged Loans.

Yoshida claims interest on both loans based on 18 GCA §§ 47103, 47104 and 47105. However, as both loans are unenforceable, the Court will not allow recovery of any interest.

## DAMAGES AND AWARDS

Yoshida is not entitled to recover on any of his claims. No costs or fees are awarded either party, and each is ORDERED to take nothing herein.

This complaint is DISMISSED.

**IT IS SO ORDERED** this 8th of February 2012.

**HONORABLE ELIZABETH BARRETT- ANDERSON**
Judge, Superior Court of Guam

FEB 0 8 2012